## GAME LAWS NOT APPLICABLE TO TAME SQUIRRELS.

Circuit Court of Cuyahoga County.

W. J. PHILLIPS v. STATE OF OHIO.

Decided, January 22, 1898.

*Game Laws do Not Apply to Tamed Animals.*

Section 6,961, Revised Statutes, making it unlawful to have in one's possession certain animals, was intended to protect wild game animals, and does not apply to a case where the animals had been reclaimed and tamed and were in one's possession at the date the law was enacted.

HALE, J.; MARVIN, J., and CALDWELL, J., concur.

The case of W. J. Phillips against the State of Ohio comes here on error to the court of common pleas.

The plaintiff in error, Phillips, was charged by affidavit, before a justice of the peace of this county, with having in his possession two fox squirrels, contrary to the provisions of Section 6961 of the Revised Statutes of the state of Ohio.

This statute provides in general terms that it shall be unlawful for any person to have, between the first of September and the fifteenth of December, any squirrels in his possession.

The plaintiff in error was tried, convicted and sentenced to pay a fine of $25 and costs. That judgment was affirmed by the court of common pleas, and it is brought here for review, and we are asked to reverse both judgments.

The facts disclosed by the bill of exceptions are, that Phillips had had for some seven years prior to the passage of the present statute, these squirrels in his possession; that they had become tame and were by him kept in the ordinary way in which pet squirrels are kept.

Our Supreme Court have said in 39 O. S., 691, in the case of *Moore* v. *Gibben,* that it is the duty of courts in the interpretation of statutes, unless restrained by the letter of the statute, to adopt that view which will avoid an absurd consequence, injus-

tice, or great inconvenience, as none of these can be presumed to have been within the legislative intent.

Of course, this charge is, that the plaintiff in error violated the section of the game law of this state, and that Section 6961 provides that no person shall, on any place, catch, kill, or injure, or pursue with such intent, any squirrel or other animals named (I will leave out the balance of the statute), and in violation of this statute shall be subject to a ,fine of $25 and costs, except between the first day of September and the fifteenth day of December.

Section 6964 provides that whoever purchases, sells, exposes for sale or has in his possession any squirrel, etc., between the first day of September and the fifteenth day of December, inclusively, shall be fined as provided by another section.

It is very evident that this statute, Section 6961, was intended to protect these wild animals named, and to prevent their destruction, and, perhaps, extinction, and made it unlawful for any person to catch, kill or injure, or pursue with such intent, any such wild animals.

It is made unlawful to pursue, while at large, catch, kill or injure such animals.

It was not, in our judgment, the intention of the Legislature to apply the statute to such animals as had been captured and had become the property of the person who made that capture.

Section 6964, which I have read from, it is evident, was passed because it would be difficult and many times impossible to apprehend and punish the person who pursued and killed the game found in possession of another; and, hence, by this section, it is made unlawful for any person to have in his possession any of the animals protected by Section 6961.

But this section should be given by construction, in our judgment, the same limitation as that of Section 6964 and should not be held to apply to animals that had been reclaimed and were subject to lawful ownership.

This man had these squirrels in his possession at the time this section of the statute was passed as it now stands. He could not keep those squirrels in his possession if this statute was intended to apply to him—to a transaction of that kind. He could

not kill them; he could not slaughter them; the *only* thing for him to do would be to turn them loose after they had been tamed and cared for, for seven years. Now we do not think this statute should be given an interpretation to apply that way. We do not believe this statute was intended to make such a transaction unlawful.

We, therefore, reverse the judgment of the court of common pleas and of the justice of the peace, and discharge the defendant below.